IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BERNADETTE MARIE KIM and<br>SCOTT ALLAN KIM, | ) ) ) | CV. NO. 10-00527 DAE KSC |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| BAC HOME LOANS SERVICING,<br>LP; COLORADO FEDERAL<br>SAVINGS BANK; and DOES 1<br>through 20 inclusive, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

ORDER: (1) GRANTING DEFENDANT BAC'S MOTION TO DISMISS
COMPLAINT; (2) DISMISSING WITH PREJUDICE PLAINTIFFS'
INJUNCTIVE RELIEF CLAIM; (3) DISMISSING WITHOUT PREJUDICE ALL
OTHER CLAIMS; AND (4) GRANTING PLAINTIFFS
<u>LEAVE TO AMEND THE COMPLAINT</u>

On June 14, 2011, the Court heard Defendant BAC Home Loans

Servicing, LP ("BAC")'s Motion to Dismiss the Complaint Filed September 14,

2010. Keoni K. Agard, Esq., appeared at the hearing on behalf of Plaintiffs;

Patricia J. McHenry, Esq., appeared at the hearing on behalf of BAC. After

reviewing the supporting and opposing memoranda, the Court GRANTS BAC's

Motion to Dismiss Complaint. (Doc. # 8.) Plaintiffs' claim for injunctive relief is

DISMISSED WITH PREJUDICE. All other claims are DISMISSED WITHOUT PREJUDICE, and the Court GRANTS Plaintiffs leave to amend the Complaint.

BACKGROUND

On September 14, 2010, Plaintiffs Bernadette Marie Kim and Scott Allan Kim ("Plaintiffs") filed a Complaint against Defendants BAC, Colorado Federal Savings Bank ("CFSB"), and Does 1 through 20 (collectively, "Defendants") alleging that Plaintiffs had been lured into a predatory mortgage loan. ("Compl.," Doc # 1.) Specifically, Plaintiffs' Complaint alleges Counts: (Count I) violations of the Truth in Lending Act ("TILA") entitling Plaintiffs to recoupment of expenses (id. ¶¶ 45–60); (Count II) violations of TILA entitling Plaintiffs to loan damages (id. ¶¶ 61–68); (Count III) violations of the Real Estate Settlement Procedures Act ("RESPA") (id. ¶¶ 69–79); (Count IV) unfair or deceptive acts or practices ("UDAP") (id. ¶¶ 80–92); (Count V) fraud (id. ¶¶ 93–105); (Count VI) civil conspiracy (id. ¶¶ 106–110); (Count VII) aiding and abetting (id. ¶¶ 111–115); (Count VIII) injunctive relief for lack of standing (id. ¶¶ 116–124); and (Count IX) fraudulent concealment entitling Plaintiffs to tolling of the statute of limitations (id. ¶¶ 125–126).

On March 30, 2007, Plaintiffs entered into a loan transaction with Defendant CFSB, to purchase the real property at issue in this case. (Id. ¶ 13.)

Plaintiffs executed two notes, the first in the principal amount of $592,000.00 and the second in the principal amount of $148,000.00, both of which were secured by a mortgage recorded on April 5, 2007, in the Bureau of Conveyances, State of Hawaii. (Id. ¶¶ 14–15.) The real property at issue in this loan transaction is designated as TMK (1) 9-2-036-050, located at 92-1411 Palahia Street, Kapolei, Hawaii, 96707 ("Subject Property"). (Id. ¶ 5.)

Plaintiffs claim that they signed loan documents that required a notary, but that no notary was present and that Plaintiffs never appeared before a notary. (Id. ¶ 21.) Plaintiffs further claim that they did not sign or date various documents provided to them by CSFB. (Id. ¶¶ 23–25.) They also allege that CFSB failed to provide Plaintiffs with an initial loan application, a disclosure on how their personal information was used in the loan application process, a privacy disclosure, a disclosure statement informing them of their right to a credit report, a copy of the appraisal, and other documents relating to the execution of the loan. (Id. ¶¶ 26, 30–33.) Plaintiffs contend that based upon failures to provide necessary documents and make required disclosures, Plaintiffs were lured into accepting and executing both mortgages, to their financial detriment. (Id. ¶ 35.)

On January 7, 2011, Defendant BAC filed a Motion to Dismiss the Complaint filed September 14, 2010 ("Motion") for failure to state a claim upon

which relief can be granted.  ("Mot.," Doc. # 8.)  On April 18, 2011, Plaintiffs filed

a Memorandum in Opposition to Defendant BAC's Motion ("Opposition").

(Opp'n, Doc. # 16.)  On April 25, 2011, BAC filed a Reply in support of their

Motion.  (Reply, Doc. # 17.)

STANDARD OF REVIEW

I.      Federal Rule of Civil Procedure 12(b)(6)

        Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a

claim upon which relief can be granted.  Review is limited to the contents of the

complaint.  See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir.

1994).  A complaint may be dismissed as a matter of law for one of two reasons:

"(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable

legal claim."  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir.

1984) (citation omitted).  Allegations of fact in the complaint must be taken as true

and construed in the light most favorable to the plaintiff.  See Livid Holdings Ltd.

v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

        A complaint need not include detailed facts to survive a Rule 12(b)(6)

motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

In providing grounds for relief, however, a plaintiff must do more than recite the

formulaic elements of a cause of action.  See id. at 556–57; see also McGlinchy v.

Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations

without more are insufficient to defeat a motion to dismiss for failure to state a

claim.") (citation omitted).  "The tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions," and

courts "are not bound to accept as true a legal conclusion couched as a factual

allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations

and citations omitted).  Thus, "bare assertions amounting to nothing more than a

formulaic recitation of the elements" of a claim "are not entitled to an assumption

of truth."  Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he

non-conclusory 'factual content,' and reasonable inferences from that content,

must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal

quotations and citations omitted).

        A court looks at whether the facts in the complaint sufficiently state a

"plausible" ground for relief.   See Twombly, 550 U.S. at 570.  A plaintiff must

include enough facts to raise a reasonable expectation that discovery will reveal

evidence and may not just provide a speculation of a right to relief.  Id. at 586.

When a complaint fails to adequately state a claim, such deficiency should be

"exposed at the point of minimum expenditure of time and money by the parties

and the court." <u>Id.</u> at 558 (citation omitted).  If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

II.      <u>Federal Rule of Civil Procedure 9(b)</u>

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Under Ninth Circuit law, "Rule 9(b) requires particularized allegations of the circumstances <u>constituting</u> fraud."  <u>In re GlenFed, Inc. Sec. Litig.</u>, 42 F.3d 1541, 1547–48 (9th Cir. 1994) (en banc), <u>superseded on other grounds by</u> 15 U.S.C. § 78u-4.

In their pleadings, plaintiffs must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement.  <u>Id.</u> at 1548 (quoting <u>Moore v. Kayport Package Express, Inc.</u>, 885 F.2d 531, 540 (9th Cir. 1989)).  "[T]he circumstances constituting the alleged fraud [must] 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'"  <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124

(9th Cir. 2009) (quoting <u>Bly-Magee v. California</u>, 236 F.3d 10104, 1019 (9th Cir. 2001)); <u>see also</u> <u>Moore</u>, 885 F.2d at 540 (finding that Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); <u>see also</u> <u>In re GlenFed, Inc. Sec. Litig.</u>, 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); <u>Walling v. Beverly Enter.</u>, 476 F.2d 393, 397 (9th Cir. 1973) (finding that Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations" (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1107 (9th Cir. 2003). In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974) <u>overruled on other grounds by</u> <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

<u>DISCUSSION</u>

For the reasons set forth below, the Court concludes that Defendant BAC's Motion to Dismiss should be granted.[1] The Court grants Plaintiffs leave to amend their Complaint.

I. <u>Count I: Truth in Lending Act Violations: Recoupment; Count II: Truth in Lending Act Violations: Loan Damages</u>

In Count I of the Complaint, Plaintiffs allege that they are entitled to recoupment[2] under TILA, 15 U.S.C. § 1601, et. seq. In Count II, Plaintiffs allege that they are entitled to damages under TILA pursuant to 15 U.S.C. § 1640.[3]

_____

[1]Contrary to Plaintiffs' contention (Opp'n at 7), their participation in the Court's triage program does not affect whether the Court may consider Defendants' Motion to Dismiss at this time.

[2]Although Plaintiffs' claim for recoupment is brought under Count I for rescission, 15 U.S.C. § 1640(a) provides for damages, not rescission, thus the Court will discuss Plaintiffs' recoupment argument after their claim for damages.

[3] Neither Count I nor Count II discusses TILA rescission; however, Plaintiffs' Complaint states that "[t]his Complaint also seeks to recover actual and statutory damages . . . as well as rescission and actual and punitive damages . . . ." If Plaintiffs intend to seek rescission pursuant to TILA, such a claim is time-barred. Section 1635(a), TILA's so-called buyer's remorse provision, gives borrowers three business days to rescind the loan agreement without penalty. 15 U.S.C. § 1635(a); <u>Semar v. Platte Valley Fed. Sav. & Loan Ass'n</u>, 791 F.2d 699, 701 (9th Cir. 1986) (citing 15 U.S.C. § 1635(a)). To invoke this provision, the loan must be a consumer loan using the borrower's principal dwelling as security. 15 U.S.C. § 1635(a). If the lender fails to deliver certain forms or disclose important terms accurately, Section 1635(f) gives the borrower the right to rescind until "three years after the consummation of the transaction or . . . the sale of the property,

(continued...)

A.     Damages Under 15 U.S.C. § 1640

TILA authorizes civil liability in the form of actual damages, statutory damages, costs, and attorneys fees.  15 U.S.C. § 1640.  Pursuant to Section 1640(e), there is a one-year statute of limitations for civil liability claims under TILA.  Id. § 1640(e).  The limitations period generally runs from the date of consummation of the transaction.  King, 784 F.2d at 915.  Here, Plaintiffs entered into the loan transaction on March 30, 2007, and initiated the present lawsuit on September 14, 2010.  As such, more than one year elapsed between the consummation of the loan and the filing of the instant action.  Therefore, Plaintiffs' claim is barred by the statute of limitations unless equitable tolling applies.

As a general matter, "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."  Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir.

---

[3](...continued)
whichever occurs first."  15 U.S.C. § 1635(f); see also King v. California, 784 F.2d 910, 913 (9th Cir. 1986).  Here, Plaintiffs entered into the loan transaction on March 30, 2007 and initiated the instant lawsuit on September 14, 2010.  As this is more than three years since the consummation of the loan, Plaintiffs' claim is barred by the statute of limitations.  Additionally, equitable tolling does not apply to rescission under TILA.  Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) (holding that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period").  As such, Plaintiffs' TILA Rescission claim is barred by the statute of limitations.

2000); see also O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1068 (9th Cir. 2006)

("Equitable tolling is generally applied in situations 'where the claimant has

actively pursued his judicial remedies by filing a defective pleading during the

statutory period, or where the complainant has been induced or tricked by his

adversary's misconduct into allowing the filing deadline to pass.'" (quoting Irwin

v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990))).  In a TILA damages action

specifically, equitable tolling may suspend the limitations period "until the

borrower discovers or had reasonable opportunity to discover the fraud or

nondisclosures that form the basis of the TILA action."  King, 784 F.2d at 915.

However, when a plaintiff fails to allege facts demonstrating that the plaintiff could

not have discovered the purported TILA violation with reasonable diligence,

dismissal is appropriate and equitable tolling will not apply.  See Meyer v.

Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (refusing to apply

equitable tolling for failure to make required disclosures under TILA when the

plaintiff was in full possession of all loan documents and did not allege fraudulent

concealment or any other action that would have prevented discovery of the

violation); Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996) (holding

that the plaintiff was not entitled to equitable tolling of her TILA claim because

"nothing prevented [the plaintiff] from comparing the loan contract, Fidelity's initial disclosures, and TILA's statutory and regulatory requirements").

In this case, Plaintiffs allege that Defendants violated TILA by failing to provide Plaintiffs with an initial loan application, a final truth in lending statement properly signed or dated by Plaintiffs, and a good faith estimate properly signed or dated by Plaintiffs. (Compl. ¶¶ 51–53.) As in <u>Meyer</u> and <u>Hubbard</u>, Plaintiffs fail to allege any facts to demonstrate that equitable tolling applies. Plaintiffs' assertion that Defendants "fraudulently misrepresented" (<u>id.</u> ¶ 125) and "fraudulent[ly] conceal[ed]" (<u>id.</u> ¶ 126) the terms of Plaintiffs' mortgage is conclusory and does not justify application of equitable tolling.[4] Although elsewhere in the Complaint Plaintiffs provide examples of specific instances of Defendants' alleged deceptive acts (<u>id.</u> ¶ 84) and fraud (<u>id.</u> ¶ 94–100), Plaintiffs offer no explanation for why they were unable to discover the TILA violations within the one-year statutory period. These facts, without more, are insufficient for Plaintiffs to invoke the doctrine of equitable tolling. As such, Plaintiffs' TILA damages claim is barred by the statute of limitations.

---

[4] Plaintiffs' argument in support of equitable tolling is actually made under Count IX: Fraudulent Concealment – Tolling of Statute. However, the Court considered these arguments when determining whether equitable tolling should apply under TILA.

**B.**    Recoupment Under 15 U.S.C. § 1640

"[R]ecoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is founded." Bull v. United States, 295 U.S. 247, 262 (1935).  The Supreme Court has confirmed that recoupment of damage claims survive TILA's one-year statute of limitations. Beach, 523 U.S. at 418.  However, to circumvent the statute of limitations, the recoupment claim must be asserted as a "defense" in an "action to collect a debt." 15 U.S.C. § 1640(e).  Some courts have held that for a recoupment claim to survive a motion to dismiss, the plaintiff must show the following: "(1) the TILA violation and the debt are products of the same transaction; (2) the debtor asserts the claim as a defense; and (3) the main action is timely." Moor v. Travelers Ins. Co., 784 F.2d 632, 634 (5th Cir. 1986) (citing In re Smith, 737 F.2d 1549, 1553 (11th Cir. 1984)); Agustin v. PNC Fin. Servs. Grp., --- F. Supp. 2d ----, 2010 WL 1507975, at *18 n.2 (D. Haw. Apr. 15, 2010).

Plaintiffs claim that they may "assert the TILA disclosure violations described herein as a recoupment in the amount of $2,000.00 and are entitled to a credit in that amount with regard to their tender obligation, if any, under TILA." (Compl. ¶ 60.)  Nowhere do Plaintiffs assert TILA recoupment as a defense, nor do

Plaintiffs point to any "action to collect a debt." Instead, the relevant action in the instant case is a foreclosure auction sale.[5]

District courts within this circuit have held that a nonjudicial foreclosure is not an "action to collect a debt" within the meaning of Section 1640(e). Ortiz v. Accredited Home Lenders, Inc., 639 F. Supp. 2d 1159, 1165 (S.D. Cal. 2009) (holding that nonjudicial foreclosures are not "actions" as contemplated by TILA because "actions" refer to judicial proceedings).[6]

---

[5] By Plaintiffs' own admission, they filed the Complaint "to permanently enjoin Defendants from foreclosing and conducting a foreclosure auction sale of certain real property designated as . . . [the Subject Property]." (Opp'n at 2.)

[6] In reaching the conclusion that a nonjudicial foreclosure is not an "action" that survives TILA's statute of limitations, the court in Ortiz reviewed the wording of TILA as well as California state law. Ortiz, 639 F. Supp. 2d at 1165. With regard to TILA, the court concluded the Section 1640(e) itself defines an "action" as a court proceeding because it states "'[a]ny action . . . may be brought in any United States district court, or in any other court of competent jurisdiction.'" Id. (quoting 15 U.S.C. § 1640(e)). The court also examined California state law, which indicates that an "action" to recover a debt secured by a mortgage on real property results in a judgment from the court directing the sale of the property and distributing the resulting funds. Id. Similarly, Hawaii Revised Statute Section 667-1 provides that a "foreclosure by action" occurs when the circuit court assesses the amount due on a mortgage and renders judgment for the amount awarded. Haw. Rev. Stat. § 667-1. Conversely, a "foreclosure under power of sale," or nonjudicial foreclosure, occurs when the mortgagee forecloses pursuant to the power of sale contained in the mortgage. Id. § 667-5. Thus, in Hawaii, a foreclosure by "action" requires a judicial proceeding whereas a nonjudicial foreclosure does not. The Ortiz court's reasoning clearly applies to the instant case, and the Court finds that a nonjudicial foreclosure is not an "action to collect a

(continued...)

13

Additionally, Plaintiffs' conclusory statement that they are asserting the TILA violations as "claims and defenses" is insufficient to prove as much. (Compl. ¶ 60.)  In <u>Ortiz</u>, after the lender filed notice of a nonjudicial foreclosure, but before the sale took place, the plaintiff initiated a lawsuit alleging TILA violations and attempting to assert a recoupment defense.  <u>Id.</u>  On these facts, the court concluded that "'[w]hen the debtor hales the creditor into court, the claim by the debtor is affirmative rather than defensive.'" <u>Id.</u> (quoting <u>Moor</u>, 784 F.2d at 634).  In this case, there is no evidence that Defendants have initiated any sort of court proceeding against Plaintiffs.  Plaintiffs' affirmative use of their claim for recoupment is improper and not within the scope of the TILA exception, which permits recoupment as a defensive claim only.  As such, Plaintiffs' TILA recoupment claim fails.

Accordingly, the Court GRANTS BAC's Motion to Dismiss as to Counts I and II and DISMISSES WITHOUT PREJUDICE Counts I and II as to all Defendants.

---

[6](...continued)
debt" within the meaning of Section 1640(e).

II.     Real Estate Settlement Procedures Act Violations

Count III of the Complaint alleges that Defendants violated RESPA by failing to provide Plaintiffs with an initial loan application and a properly signed and dated good faith estimate. (Compl. ¶¶ 71–72.)

First, RESPA imposes either a one-year or a three-year statute of limitations depending on the violation alleged. 12 U.S.C. § 2614 (proscribing a one-year statute of limitations for violations of Sections 2607 and 2608 and a three-year statute of limitations for violations of Section 2605). Because Plaintiffs' alleged RESPA claim arose out of the loan origination, which occurred more than three years before Plaintiffs filed the instant action, Plaintiffs' claim is barred by the statute of limitations. As discussed above, Plaintiffs are not entitled to equitable tolling because they have failed to allege specific facts showing why they could not bring their suit within the limitations period.

Second, BAC asserts that Plaintiffs' RESPA claim fails to state a claim because RESPA does not provide for a private right of action when a defendant fails to provide an initial loan application or a good faith estimate. (Mot. at 8–10.) Accordingly, Plaintiffs' RESPA claim would fail even if it was not barred by the statute of limitations because the alleged disclosure violations do not give rise to a private right of action. See Collins v. FMHA-USDA, 105 F.3d 1366,

1368 (11th Cir. 1997) (noting that neither the legislative history nor the statutory text reveals congressional intent to create a private right of action for violations of Section 2604(c), failure to provide the initial good faith estimate); Pressman v. Meridian Mortg. Co., 334 F. Supp. 2d 1236, 1242 n.4 (D. Haw. 2004); Valdez v. Flexpoint Funding Corp., CV No. 09-00296 ACK-BMK 2010 WL 300192, at * 10 (D. Haw. July 30, 2010) (finding that defendants failure to provide an initial loan application is a section 2603 claim); Rosal v. First Fed. Bank of California, 671 F. Supp. 2d 1111, 1125 (N.D. Cal. 2009) (holding that there is no private right of action for disclosure violations under either Section 2603 or Section 2604); Delino v. Platinum Cmty. Bank, 628 F. Supp. 2d 1226, 1232–33 (S.D. Cal. 2009) (citing Collins and dismissing the plaintiff's RESPA claim on the ground that no private right of action exists for failure to provide an initial good faith estimate).  As such, Plaintiffs' RESPA claim is both barred by the statute of limitations, and fails to state a claim.

Accordingly, the Court GRANTS BAC's Motion to Dismiss as to Count III and DISMISSES WITHOUT PREJUDICE Count III as to all Defendants.[7]

---

[7] BAC also argues that Plaintiffs' claim under § 2605(c) is insufficiently pled because they fail to state actual damages.  The Court need not reach this

(continued...)

## III.    Count IV: Unfair or Deceptive Acts or Practices

Plaintiffs claim that Defendants engaged in unfair or deceptive acts and practices ("UDAP") in violation of HRS §§ 480-2(a) and 481A-3.  (Compl. ¶ 83–84.)  HRS § 480-2(a) prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ."  HRS § 481A-3 similarly prohibits "deceptive trade practice[s]."

Plaintiffs contend that Defendants violated the aforementioned statutes by: (1) using deceptive representations in connection with services; (2) targeting financially unsophisticated and otherwise vulnerable consumers for inappropriate credit products; (3) failing to adequately disclose the true costs and risks of the subject loan and its inappropriateness for Plaintiffs; and (4) failing to provide Plaintiffs with a timely Good Faith Estimate "GFE".  (Compl. ¶ 84.)  Plaintiffs further allege that Defendants did a "bait and switch" of the loan terms offered to Plaintiffs by changing the interest rates.  (Id. ¶ 85.)  Plaintiffs contend that the aforementioned conduct caused Plaintiffs to suffer injury to their property, including wrongfully induced payment of money.  (Id. ¶ 86.)

---

[7](...continued)
argument because of its determination that Plaintiffs claim is barred by the three-year statute of limitations.

In its Motion, Defendant BAC argues that Plaintiffs' UDAP claim is insufficiently pled and therefore fails.  (Mot. at 13.)  Indeed, Plaintiffs' UDAP claim contains insufficient facts to satisfy Rule 8 pleading requirements.  Plaintiffs' vague allegation contains insufficient factual detail to meet the Rule 8 pleading standard, and to survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face."  Iqbal, 129 S. Ct. at 1949.  Specifically, Plaintiffs fail to distinguish which Defendants committed each of the alleged UDAP violations, when such acts were committed, and how such violations harmed Plaintiffs.  Rather, Plaintiffs lump the alleged UDAP violation claims against all Defendants together, which fails to provide Defendants with sufficient notice of the alleged wrongs committed.  Plaintiffs also fail to state sufficient facts showing how they were harmed by these actions.  Such conclusory allegations are insufficient to state a claim upon which relief may be granted.  See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS BAC's Motion as to Count IV and DISMISSES WITHOUT PREJUDICE Count IV as to all Defendants.

IV.    Count V: Fraud; Count XI: Fraudulent Concealment

In Count V, Plaintiffs claim that Defendants falsely represented the nature of the documents Plaintiffs were told to sign in connection with the loan, did

a bait and switch of the loan terms offered to Plaintiffs, fraudulently notarized documents, and made false representations with knowledge of their falsity, thereby committing fraud.  (Compl. ¶¶ 94–101.)  Plaintiffs' allegations are insufficient to meet their burden under the more rigorous pleading requirements of Rule 9 that apply to allegations of fraud or mistake.  <u>See</u> Fed. R. Civ. P. 9(b) (requiring a party to state with particularity the circumstances constituting fraud or mistake).  The claim must "be accompanied by the 'who, what, when, where, and how' of the misconduct charged."  <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120 (9th Cir. 2009) (internal citation and quotations omitted).  A plaintiff "must state the time, place and specific content of the false representations as well as the identifies of the parties to the misrepresentation." <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1393 (9th Cir. 1988).

Here, Plaintiffs fail to plead the time and place of any alleged fraud and they also do not specify what role each of the Defendants played in the alleged misconduct.  Instead, Plaintiffs broadly attribute the allegedly false statements to all Defendants generally, without specifying when, where, and by who the false statements were made.  Furthermore, Plaintiffs' statement in Count IX alleging that "Defendants fraudulently misrepresented the terms of Plaintiff's loan and

mortgage," is a legal conclusions entitled to no weight.  (Compl. ¶ 125); See Iqbal, 129 S. Ct. at 1949.

In Count IX of the Complaint, Plaintiffs contend that Defendants fraudulently misrepresented and concealed the terms of Plaintiffs' loan.  (Id. ¶¶ 125–26.)  To the extent Plaintiffs make these allegations to invoke equitable tolling, the Court addressed this supra in Section I(A) regarding TILA damages. To the extent Plaintiffs make these allegations to try and prove fraud, the Court discussed this in the instant section above, and concluded that Plaintiffs have failed to plead sufficient facts to show fraud under the heightened Rule 9 pleading standard for fraud.

Accordingly, the Court GRANTS BAC's Motion as to Counts V and IX and DISMISSES WITHOUT PREJUDICE both Counts as against all Defendants.

V.    Count VI: Civil Conspiracy; Count VII: Aiding and Abetting

Count VI of Plaintiffs' Complaint claims that Defendants entered into an agreement to accomplish something unlawful, and Count VII alleges that Defendants aided each other in the engagement of those wrongful acts.  (Compl. ¶¶ 107, 113.)  Defendants claim that Plaintiffs have not sufficiently pled claims for

civil conspiracy or aiding and abetting because both claims are not independent causes of action, but derivative of another claim. (Mot. at 25–28.)

Plaintiffs' allegations are insufficiently pled under the Rule 8 pleading requirements. Civil conspiracy and aiding and abetting are not independent causes of action in Hawaii, but theories of potential liability that are derivative of other wrongs. See e.g. Weinberg v. Mauch, 890 P.2d 277, 286 (Haw. 1995). First, Plaintiffs have not clearly alleged an underlying claim on which their civil conspiracy and aiding and abetting claims are based. Moreover, to the extent that Plaintiffs' claims appear to be based on alleged fraudulent activity, as discussed above, Plaintiffs' Complaint fails to state a claim for fraud. Additionally, Plaintiffs have not rebutted Defendants' contention that the instant claims appear to be based on fraud, and has not made any other argument in defense of these claims. For all these reasons, Plaintiffs' civil conspiracy and aiding and abetting claims do not survive the instant Motion.

Accordingly, the Court GRANTS BAC's Motion to Dismiss as to Counts VI and VII and DISMISSES WITHOUT PREJUDICE Counts VI and VIII as to all Defendants.

## VI.    Count VIII: Injunctive Relief – Lack of Standing

In Count VIII of the Complaint, Plaintiffs assert that this "is an action for emergency and permanent injunctive relief seeking to restrain Defendants [] from seeking a non-judicial sale upon the subject property during the pendency of this action."  (Compl. ¶ 117.)  This allegation is based on the fact that Defendants lack standing to foreclose upon the Subject Property.  (Id. ¶¶ 118–119, 122, 124.)

BAC argues that Count VIII fails because "[s]tanding and real party in interest are requirements imposed on plaintiffs.  They are not theories upon which a plaintiff can bootstrap a claim for injunctive relief."  (Mot. at 28.)  In their Opposition, Plaintiffs do not dispute BAC's contention, but instead argue, for the first time, that Mortgage Electronic Registration Systems ("MERS") had no authority to transfer the note.  (Opp'n at 5–7.)  First, Plaintiffs may not raise new arguments in their Opposition for the first time, thus any argument relating to MERS and its role in the assignment of the loan, must be disregarded.

As for the claims stated in Count VIII, Plaintiffs' request for injunctive relief appears to be dependent on and derivative of Plaintiffs' other claims, and not a standalone claim.  Because the Court finds that all of Plaintiffs' claims should be dismissed, and because Plaintiffs fail to allege any facts showing

that they are entitled to this equitable remedy, the Court finds that Plaintiffs' claim for injunctive relief should be dismissed as well.

Moreover, Plaintiffs' Complaint states only that Defendants "are not the real party in interest and are not authorized to bring a foreclosure against" Plaintiffs. (Compl. ¶ 118.) Such conclusory allegations are insufficient to state a claim upon which relief may be granted. See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS BAC's Motion to Dismiss as to Count VIII and DISMISSES WITH PREJUDICE Plaintiff's claim for injunctive relief without leave to amend. If injunctive relief is proper, it will be because Plaintiff prevails, or has met the necessary test for such relief under Rule 65 of the Federal Rules of Civil Procedure, on an independent cause of action.

## VII. Leave to Amend

The Court recognizes that it may be possible for Plaintiffs to state a claim if provided the opportunity to amend their Complaint. Accordingly, the Complaint is DISMISSED as against all Defendants in this action. Plaintiffs are given leave to amend the Complaint no later than 30 days from the filing of this Order, with the exception of Plaintiffs' claim for injunctive relief, which has been dismissed with prejudice as a matter of law. Failure to do so and to cure the pleading deficiencies will result in dismissal of this action with prejudice.

23

Plaintiffs are advised that the amended complaint must clearly state how each of the named defendants have injured them, and it must also clearly identify the statutory provisions under which Plaintiffs' claims are brought.

## CONCLUSION

For the reasons stated above, the Court GRANTS BAC's Motion to Dismiss. (Doc. # 8.) Plaintiffs' claim for injunctive relief is DISMISSED WITH PREJUDICE. All other claims are DISMISSED WITHOUT PREJUDICE, and the Court GRANTS Plaintiffs leave to amend the Complaint.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 15, 2011.

_____
David Alan Ezra
United States District Judge

Kim v. BAC Home Loans, et al., Cv. No. 10-00527 DAE-KSC; ORDER: (1) GRANTING DEFENDANT BAC'S MOTION TO DISMISS COMPLAINT; (2) DISMISSING WITH PREJUDICE PLAINTIFFS' INJUNCTIVE RELIEF CLAIM; (3) DISMISSING WITHOUT PREJUDICE ALL OTHER CLAIMS; AND (4) GRANTING PLAINTIFFS LEAVE TO AMEND THE COMPLAINT