IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BERNADETTE MARIE KIM and SCOTT ALLAN KIM, <br><br> Plaintiffs, <br><br> vs. <br><br> BAC HOME LOANS SERVICING, LP; COLORADO FEDERAL SAVINGS BANK; and DOES 1 through 20 inclusive, <br><br> Defendants. | CV. NO. 10-00527 DAE-RLP |

## ORDER DISMISSING ACTION

On September 14, 2010, Plaintiffs Scott Allan Kim and Bernadette Marie Kim ("Plaintiffs") filed a Complaint against BAC Home Loans Servicing, LP; Colorado Federal Savings Bank; and Does 1 through 20, inclusive (collectively, "Defendants") alleging that Plaintiffs had been lured into a predatory mortgage loan. (Doc # 1.) The Complaint focuses on a mortgage loan that

Plaintiffs used to purchase real property designated as TMK (1) 9-2-036-050 located at 92-1411 Palahia Street, Kapolei, HI 96707. (Id. ¶ 5.)

On June 15, 2011, the Court filed an Order: (1) Granting Defendant BAC's Motion to Dismiss Complaint; (2) Dismissing With Prejudice Plaintiffs' Injunctive Relief Claim; (3) Dismissing Without Prejudice All Other Claims; and (4) Granting Plaintiffs Leave to Amend the Complaint. (Doc. # 22.) The Court granted Plaintiffs leave to amend their Complaint no later than thirty days from the filing date of the June 15, 2011 Order. (Id. at 23.)

Plaintiffs were expressly notified that failure to timely file an amended complaint correcting the noted defects in their complaint would result in dismissal of their action for failure to state a claim. (Id.) Despite the Court's directive, Plaintiffs still have not filed an amended complaint.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) grants district courts the authority to sua sponte dismiss actions for failure to prosecute or for failure to comply with court orders. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars

of the District Courts."). The court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring him to file an amended pleading within a specified time period. Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002) (discussing factors a court must weigh to determine whether to dismiss a claim for failure to comply with a court order).

Before dismissing an action for failure to prosecute, the court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Id., 291 F.3d at 642 (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

I. Expeditious Resolution and Need to Manage Docket

The Court advised Plaintiffs that they must file an amended complaint within 30 days of the filing of the June 15, 2011 Order, or risk dismissal of the action with prejudice. See Doc. #22 at 23. Plaintiffs' failure to do so hinders the Court's ability to move this case forward and indicates that Plaintiffs do not intend to litigate this action diligently. See Yourish v. California Amplifier, 191 F.3d

983, 990 (9th Cir.1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). This factor favors dismissal.

II.     Prejudice to Defendants

The risk of prejudice to a defendant is related to the plaintiff's reason for failure to prosecute an action. See Pagtalunan, 291 F.3d at 642 (citing Yourish, 191 F.3d at 991). Plaintiffs offer no excuse or explanation for their failure to file an amended complaint. When a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. See Yourish, 191 F.3d at 991-92.

III.    Availability of Less Drastic Alternatives

The Court attempted to avoid outright dismissal of this action by giving Plaintiffs thirty days leave to amend. See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Alternatives to dismissal are not appropriate given Plaintiffs' failure to meaningfully participate in their own litigation.

IV.     Public Policy

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal. It is the responsibility of the moving party to

prosecute the action at a reasonable pace, however, and to refrain from dilatory and evasive tactics. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiffs have failed to discharge their responsibility to prosecute this action despite the Court's express warning about the possibility of dismissal. Under these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh Plaintiffs' failure to file an amended complaint.

The Court concludes that dismissal of this action is warranted under Rule 41(b), which states:

> [A] dismissal under this subdivision (b) and any dismissal not under this rule-except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

These exceptions do not apply here and this dismissal is with prejudice. See Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (dismissal interpreted as an adjudication on the merits unless one of the Rule 41(b) exceptions applies); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001) (dismissal for failure to prosecute is treated as an adjudication on the merits) (citation omitted).

## CONCLUSION

For the aforementioned reasons, the Court DISMISSES this action.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, July 28, 2011.



David Alan Ezra
United States District Judge

Kim v. BAC Home Loans, et al., Cv. No. 10-00527 DAE-RLP; ORDER DISMISSING ACTION